**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4787-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NORMAN REID, a/k/a
LORD BURNEY,

    Defendant-Appellant.

_____

Submitted January 27, 2021 – Decided March 2, 2021

Before Judges Alvarez and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 93-07-0566.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Dina R. Khajezadeh, Assistant Prosecutor, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Norman Reid appeals from an April 11, 2019 order dismissing his petition for post-conviction relief, which included a request to withdraw his guilty plea, without an evidentiary hearing. We affirm.

We derive the following facts from the record. On July 20, 1992, Lakewood police officers observed defendant driving. The officers knew defendant did not possess a driver's license and performed a traffic stop. Wilbur Hollins was his passenger. When the officers asked defendant for consent to search the car, he agreed, stating: "You can look through my car cause I ain't carrying anything." The officer found ten bags of suspected cocaine under the driver's seat. A field test was negative, and defendant was released. A subsequent lab test confirmed the substance was cocaine.

In July 1993, an Ocean County grand jury returned Indictment 93-07-566, which charged defendant with: third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1) (count one); third-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3) (count two); and third-degree possession of a CDS with intent to distribute in a school zone, N.J.S.A. 2C:35-5(a)(1) and 2C:35-7 (count three).

On October 29, 1993, defendant pled guilty to count three. On December 10, 1993, defendant was sentenced in accordance with the plea agreement to a three-year term to run concurrent with a sentence he was serving. The other counts were dismissed. Defendant did not file a direct appeal.

On November 13, 1996, an Ocean County grand jury returned Indictment No. 96-11-1122, charging defendant with first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2), and several related weapons offenses. On January 16, 1997, a jury convicted defendant of the lesser-included offense of aggravated manslaughter and all three weapons offenses. Pertinent to this appeal, the trial court sentenced defendant to an extended term of life imprisonment with a twenty-five-year period of parole ineligibility pursuant to N.J.S.A. 2C:43-3(a) and N.J.S.A. 2C:43-7, based on defendant's previous conviction of possession of a CDS with intent to distribute in a school zone. Following a direct appeal, several rounds of sentencing remands, four unsuccessful PCR petitions, and an unsuccessful federal petition for habeas corpus, defendant's aggravated manslaughter conviction and sentence remained unchanged.

On March 10, 2016, defendant filed his first PCR petition on the third-degree school zone possession with intent to distribute conviction under

Indictment 93-07-9566. In his petition, defendant alleged the following supporting facts:

> I was driving my sister's car and was stopped by the police. My passenger put drugs under the front passenger seat without my knowledge. I gave the police permission to search the car because I was not aware of the drugs put under the seat by my passenger. I plead guilty because I was already serving a four year prison term and my lawyer convinced me that it would be beneficial to plead guilty to a three[-]year prison term running concurrent with the previously imposed four[-]year prison term and avoid being found guilty at trial, exposing myself to an extended term.

On March 16, 2016, the PCR court dismissed the petition as time-barred pursuant to Rule 3:22-12(a)(1). The court found the petition was filed almost twenty-three years after the judgment of conviction was entered. The court further found there were "no sufficient extenuating circumstances that would result in a fundamental injustice if the time bar were to be upheld." The court also determined that the "petition [did] not allege sufficient good cause for counsel to be assigned." Defendant appealed.

On June 1, 2017, we sua sponte reversed and remanded pursuant to Rule 3:22-6(a) because defendant was not assigned counsel for this first PCR. State v. Reid, No. A-4921-15 (App. Div. June 1, 2017). "We express[ed] no view as to the timeliness or merits of defendant's petition." Id. at 2.

4

On remand, counsel was appointed to represent defendant. The amended petition stated:

> 2. On or about December 17, 1992, I advised an investigator of the Office of the Public Defender that the cocaine that was found . . . under the passenger seat and belonged to Wilbur Hollins. The attached memorializes the conversation I had. DV 1. Despite advising the investigator, I was not advised of any investigation that occurred by my trial counsel to verify my account. I never reviewed any statement of Mr. Hollins until I reviewed his certification of October 26, 2017 as set forth in . . . in my PCR counsel's brief. Had I been aware that a signed statement could have been obtained, I would not have entered into the plea agreement and would have insisted on proceeding to trial.
>
> 3. I only entered into the plea agreement because my trial counsel advised me to do so. I was already serving a four[-]year prison term and trial counsel convinced me to accept the offer tendered by the State. He explained the sentence I would receive would run concurrent to the one I was serving. He explained that if I went to trial, I risked being found guilty and thus being exposed to an extended term of incarceration. I entered into the plea agreement even though I was not guilty of any of the charges set forth in the subject indictment.
>
> [(citations omitted).]

This was the first time that defendant alleged that trial counsel failed to investigate a witness or that trial counsel forced him to plead guilty.

5

The State moved to dismiss the petition as time barred, arguing the prejudice would be insurmountable if the conviction were set aside because it had been over twenty-five years since defendant was charged. The State pointed out that neither the physical evidence nor the court documents, including the plea and sentencing transcripts, can be obtained due to the age of the case. Moreover, the police officers would be called upon to remember facts from a 1992 traffic stop.

Following oral argument, Judge Guy P. Ryan dismissed defendant's petition by order dated April 11, 2019. In an accompanying twenty-three-page written opinion, the judge reviewed the factual background, procedural history, and submissions of the parties.

Regarding the 1993 indictment, the judge found that defendant "received the complete discovery on the 1993 CDS indictment again in 2012 when he filed his first PCR for [the homicide indictment]." The file "included proof he spoke to a Public Defender's Office investigator and that his attorney never questioned Mr. Hollins." Defendant knew this in 2012.

The judge found the petition was filed twenty-three years after the conviction and almost eighteen years after the five-year filing period expired. Therefore, absent excusable neglect and fundamental injustice it was time-

6

barred. Defendant argued his incarceration for the past twenty-five years constituted excusable neglect.

The judge concluded that defendant's "significant filing delay would obviously prejudice the State if it was required to reconstruct these matters for trial." The judge found defendant had "provided nothing to explain why he ha[d] failed to raise his claims against his trial counsel for almost a quarter of a century. Furthermore, incarceration does not rise to the level of 'excusable neglect.'" The judge found that defendant "admits he received full discovery for the 1993 Indictment again in 2012 while pursuing a different PCR." He also found that Hollins's statement was not newly discovered evidence since defendant "easily could have obtained or attempted to obtain a statement from Hollins since [defendant] allegedly knew Hollins had true ownership over the cocaine." The judge concluded that defendant could not prove the "inexcusable neglect" or "fundamental injustice" needed to avoid the time-bar imposed by Rule 3:22-12(a)(1).

The judge also denied defendant's application to withdraw his guilty plea, finding Hollins' statement was not "a colorable claim of innocence" under State v. Slater, 198 N.J. 145 (2009). Finally, the judge found defendant's claim that trial counsel forced him to plead guilty was a "bald assertion lacking any merit."

Despite having the burden of proof, defendant presented "nothing more than an untimely, self-serving declaration." The judge found it was plea counsel's "obligation to inform [defendant] he faced a longer sentence or possible consecutive sentence if convicted at trial. Such advice is not ineffective." The judge also found that defendant indicated on his plea form that he was satisfied with the advice he received from counsel and had committed the offense to which he was pleading guilty.

The judge found defendant's claims were time-barred, concluding that "[f]ailing to appeal his sentence or to solicit a certification by Wilbur Hollins in [twenty-five] years, because he was allegedly unaware one could have been obtained, [did] not constitute 'excusable neglect' under [Rule] 3:22-12(a)(1)(A)." The judge also determined that enforcing the time bar would not cause a manifest injustice.

The judge rejected defendant's claim that Hollins's statement was newly discovered evidence since defendant "easily could have obtained or attempted to obtain a statement from Hollins since [defendant] allegedly knew" whose cocaine was seized. The judge noted that defendant admitted in his letter to the court that he made the Public Defender's Office aware of Hollins's ownership of the cocaine in December 1992.

Regarding the request to withdraw the guilty plea, the judge explained that "a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). Defendant must also show that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). Moreover, "[a] defendant is not entitled to benefit from a strategic decision to withhold evidence." State v. Ways, 180 N.J. 171, 192 (2004).

The judge found there were no witnesses that defendant was unaware of. Defendant "willingly signed the plea forms indicating he was guilty." The judge addressed each of the four plea withdrawal factors adopted in State v. Slater, 198 N.J. 145 (2009). and they all weighed against granting withdrawal of the guilty plea. The judge also found that defendant did not satisfy the second prong of the test which requires that "the new evidence must have been discovered after completion of trial and must not have been discoverable earlier through the exercise of reasonable diligence." State v. Nash, 212 N.J. 518, 550 (2013) (quoting Ways, 180 N.J. at 192). This appeal followed.

Defendant raises the following points for our consideration:

POINT ONE

THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING THE CIRCUMSTANCES SURROUNDING MR. REID'S DECISION TO PLEAD GUILTY UNDER INDICTMENT 93-07-0566.

POINT TWO

THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO CONTACT MR. HOLLINS.

POINT THREE

THE FIVE-YEAR TIME BAR SHOULD BE RELAXED DUE TO EXCUSABLE NEGLECT BASED ON THE NEWLY DISCOVERED EVIDENCE CONTAINED IN MR. HOLLINS' STATEMENT.

Defendant filed a pro se supplemental brief in which he argues:

POINT ONE

THIS PETITION IS NOT TIME BARRED AS IT FALLS UNDER [RULE] 3:22-12(a)(1)(B); [Rule] (a)(2)(B); AS IT WAS FILED WITHIN THE ONE YEAR OF THE DISCOVERY OF THE CERT[]IFICATION OF MR. HOLLINS['] ADMISSION.

POINT TWO

[DEFENDANT] DEMONSTRATED HIS ENTITLEMENT TO PCR UNDER ALL THE FOLL[O]WING[] STANDARDS, [RULE] 3:20-2; [RULE] 3:21-1; [RULE] 3:22-2(a)[,] (d) AND FUNDAMENTAL INJUSTICE.

We are unpersuaded by any of these arguments and affirm substantially for the reasons set forth in Judge Ryan's comprehensive and well-reasoned written opinion. We add the following comments.

"The Sixth Amendment of the United State Constitution and Article I, paragraph 10 of the New Jersey Constitution require that a defendant receive 'the effective assistance of counsel' during a criminal proceeding." State v. Porter, 216 N.J. 343, 352 (2013).

A PCR petitioner is not automatically entitled to an evidentiary hearing. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "[Rule] 3:22 recognizes judicial discretion to conduct such hearings." Ibid.

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief, a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief. To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the

facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.

[R. 3:22-10(b).]

To determine whether a prima facie claim of ineffective assistance of counsel is present, the claim must be evaluated under the two-prong Strickland test, where "a reviewing court must determine: (1) whether counsel's performance 'fell below an objective standard of reasonableness,' and if so, (2) whether there exists a 'reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different.'" State v. Castagna, 187 N.J. 293, 313-14 (2006) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (internal citation omitted)).

As the PCR court did not conduct an evidentiary hearing on the claims that defendant raises in this appeal, we "conduct a de novo review." State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (quoting State v. Harris, 181 N.J. 391, 421 (2004)).

Rule 3:22-12 establishes a five-year filing deadline for first PCR petitions. State v. Goodwin, 173 N.J. 583, 593 (2002). "In the usual case '[t]he five-year period commences from the time of the conviction or the time of the sentencing, whichever the defendant is challenging.'" State v. Milne, 178 N.J. 486, 491 (2004) (alteration in original) (quoting Goodwin, 173 N.J. at 594). The Court

12

recognized that "[t]he five-year time limit is not absolute[,]" and may be relaxed if the defendant demonstrates "that the delay was due to the defendant's excusable neglect or if the 'interests of justice' demand it." Id. at 492 (quoting Goodwin, 173 N.J. at 594).

The five-year period under Rule 3:22-12 "is neither stayed nor tolled by appellate or other review proceedings." Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 3:22-12 (2021). Nor will a defendant's pursuit of federal habeas corpus relief "extend the time frame within which to file a PCR petition." Milne, 178 N.J. at 494 (citing Pressler, Current N.J. Court Rules, cmt. on R. 3:22-12 (2004)).

When a first PCR petition is filed more than five years after the entry of the judgment of conviction,

> a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12. Absent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim.
>
> [State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018), certif. denied, 236 N.J. 374 (2019).]

The five-year deadline for filing for first petitions is subject to extension "due to [a] defendant's excusable neglect," where "there is a reasonable

probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice."  R. 3:22-12(a)(l)(A).

"The court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits."  State v. Afanador, 151 N.J. 41, 52 (1997).  There are sound reasons for the time-bar imposed by Rule 3:22-12:

> As time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events multiply.  Achieving "justice" years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed, witnesses have died or disappeared, and evidence is lost or unattainable.
>
> [Milne, 178 N.J. at 491 (quoting State v. Mitchell, 126 N.J. 565, 575-76 (1992) (alteration in original)).]

"Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay."  Id. at 492 (quoting Afanador, 151 N.J. at 52).

Defendant has not shown exceptional circumstances justifying filing his PCR petition more than twenty-two years after his judgment of conviction.  He demonstrated neither excusable neglect nor that enforcing the time bar would

result in a fundamental injustice. The inordinate, decades-long delay in filing the petition surely prejudices the State's ability to prosecute the case at this late date. Nor has defendant shown that the newly discovered evidence could not have been discovered earlier by exercising reasonable diligence. Hollins was the only other occupant of the car. Defendant knew who he was. In short, there is no basis to exempt defendant from the time limit imposed by Rule 3:22-12(a)(1). An evidentiary hearing was not warranted.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4787-18